**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David JUAREGUI–VILLAREAL,
Defendant—Appellant.**

No. 03–10692.

United States Court of Appeals,
Ninth Circuit.

Aug. 18, 2005.

R. Don Gifford, II, USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM *

The Supreme Court vacated our judgment entered October 25, 2004, and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Jauregui–Villareal's Sixth Amendment challenge to his sentencing enhancement, based on a prior conviction, remains foreclosed after *Booker*. *See United States v. Moreno–Hernandez*, —— F.3d ——, ——, No. 03–30387, 2005 WL 1560269, *8 n. 8 (9th Cir. July 5, 2005) (explaining that a district judge's enhancing a sentence based on the fact of a prior conviction does not raise any Sixth Amendment problems).

Because Jauregui–Villareal was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez, id.*, at *9

---

(extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.